**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Dana Harper, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 19 CV 50287 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Central Wire, Inc., et. al., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Phibro-Tech, Inc. and C P Chemicals have moved for a protective order to stay discovery until the Court rules on its pending Motions to Dismiss. Dkt. 77. For the following reasons, Defendants' motion for a protective order is denied.

**I. BACKGROUND**

According to Plaintiff's first amended complaint, Defendants Central Wire, Inc., Phibro-Tech, Inc. and C P Chemicals, Inc. have been knowingly and recklessly releasing pollutants from their facilities into the air and water in the town of Union, Illinois for over four decades. Plaintiff lived near the facilities for approximately 26 years. Plaintiff alleges that these emissions caused her Non-Hodgkin's Lymphoma which was diagnosed at Stage IV on October 3, 2017.

All Defendants have moved to dismiss Plaintiff's first amended complaint. Those motions remain pending. Subsequently, Defendants Phibro-Tech and C P Chemicals filed a motion for a protective order, requesting a stay of discovery until the Court rules on their motions to dismiss. The Court held a hearing to discuss the possibility of limiting written discovery and ordered the parties to meet and confer to attempt to reach an agreement on the issue. The parties filed a joint status report indicating that they were unable to reach an agreement.

Therefore, the Court now moves forward in ruling on Defendants' motion for a protective order. Defendants requests that the Court stay discovery pending ruling on their motion to dismiss, pursuant to Federal Rule of Civil Procedure 26(c). Plaintiff requests that the Court deny the motion for a protective order or, in the alternative, enforce Plaintiff's proposed narrowed scope of discovery while the motion to dismiss is pending.

**II. DISCUSSION**

District courts have broad discretion in managing discovery. *Crawford–El v. Britton,* 523 U.S. 574, 598-99 (1998); *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). In accordance with Federal Rule of Civil Procedure 26(c), a court may, for good cause, limit the

1

scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford–El,* 523 U.S. at 599; *Tamburo v. Dworkin,* No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010).

There is no requirement that discovery cease during the pendency of a motion to dismiss. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Rather, the movant must show that good cause exists for the stay. The good cause determination encompasses factors such as whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case; and whether the stay will reduce the burden of litigation for the parties or the court. *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015) (citations omitted).

1. Simplifying the issues in the case

Defendants first argue that the Court should enter a stay of discovery pending a ruling on their motions to dismiss because Plaintiff's complaint raises threshold issues of whether Plaintiff can state a cause of action and whether C P Chemicals is a proper party. Defendants' Motion at 3-4, Dkt. 77. Despite Defendants' use of the term "threshold issue" in reference to their motions to dismiss, the issues they raise in those motions do not constitute threshold issues as defined by courts in this district. Courts consider threshold issues to be those such as standing, jurisdiction, or qualified immunity, which often support a discovery stay because such a defect "affirmatively demonstrates that a case can go nowhere." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *7; *see also Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13–1054, 2014 WL 1797674, at *2 (C.D. Ill. May 6, 2014); *Tamburo*, 2010 WL 4867346, at *1.

Defendants further argue that discovery will have been unnecessary if the court dismisses the claims against them. Defendants' Motion at 4, Dkt. 77. This Court acknowledges that staying discovery could simplify the issues in the case by waiting to see which issues remain after the motion is decided. However, the Court ultimately finds this argument unpersuasive because this is true anytime a dispositive motion is filed and granting a stay of discovery upon the filing of a motion to dismiss would "allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007) (citation omitted).

Although not addressed by the parties, the Court notes that Defendant Central Wire has also filed a motion to dismiss but has not joined in the motion to stay discovery. Staying discovery as to some, but not all of the Defendants will not operate to simplify this case but may result in the need to duplicate depositions, complicate discovery, and frustrate the expeditious resolution to this litigation. *See e.g., O'Conner v. Eden Mgmt. LLC*, No. 13 C 7391, 2014 LEXIS 156141, at *7 (N.D. Ill. Nov. 4, 2015). Where the Court finds that a stay of discovery is unlikely to significantly expedite the litigation and may actually slow it down, it will decline to enter the stay. *See Tamburo*, 2010 WL 4867346, at *2; *Cohn v. Taco Bell Corp.,* 147 F.R.D. 154, 162 (N.D. Ill. 1993); *Builders Ass'n of Greater Chicago, v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill 1996).

2. Prejudice to Plaintiff

2

Defendants next contend that a stay of discovery will not result in prejudice to Plaintiff. In support of this, Defendants point out that Plaintiff does not allege any emergency, does not seek immediate relief, has not argued that discovery is necessary to respond to the motions to dismiss, and has already conducted "extensive" investigation. Defendants' Motion at 4, Dkt. 77. Defendants further argue that Plaintiff's cancer diagnosis is not a valid justification to continue with discovery. Defendants' Reply at 8, Dkt. 90.

It is true that Plaintiff has not asserted the need for discovery in order to respond to the motions to dismiss; in fact, she has already responded to each of Defendants' motions. On its own, this may indicate that a stay would not be prejudicial to Plaintiff. However, it is critical to weigh Defendants' assertion against Plaintiff's argument that she would be prejudiced. *See Allen v. Agreliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *3 (N.D. Iowa Sept. 26, 2016) (finding that the most compelling reason to grant the stay of discovery was the absence of any real showing of prejudice by the plaintiff).

Plaintiff argues that staying discovery would "pose a further delay to a plaintiff with a life-altering medical condition that is the focus of the litigation." Plaintiff's Response at 4, Dkt. 85. Other district courts have found that a terminal illness or other imminent health threat may constitute a sufficient reason to deny a stay. *See Neubauer v. Owens-Corning Fiberglas Corp.*, C.A. Nos. 77-C-52, C.A. No. 77-C-446, C.A. No. 77-C-491, C.A. No. 77-C-492, C.A. No. 78-C-43, C.A. No. 78-C-44, C.A. No. 78-C-131, C.A. No. 78-C-544, C.A. No. 79-C-117, C.A. No. 79-C-980, C.A. No. 82-C-891, 1983 U.S. Dist. LEXIS 20210, at *9 (E.D. Wis. Jan. 7, 1983) ("On balance, a stay would not be in the interests of justice. Proceeding with these actions may cause some inconvenience to the defendants . . . but staying the actions would greatly cost the plaintiffs . . . At least in the *Gunka* case, the plaintiff has been diagnosed as terminally ill, and delay may deprive the Court of his testimony.")

In considering the parties' arguments regarding whether Plaintiff would be prejudiced by a stay, the Court finds there could potentially be significant prejudice. The Court believes that it would not be in the interests of justice to allow a stay when Plaintiff is facing a serious medical illness, particularly because the present case is directly related to that illness and a stay may ultimately deprive the Court of her testimony.

3. Burden of discovery

Finally, Defendants argue that they would suffer prejudice if the stay is not granted, referencing the "costs and burdens of unnecessary discovery." Defendants' Motion at 5, Dkt. 77. It is true that courts may choose to grant a motion to stay while there is a pending motion to dismiss if discovery would be unduly costly for the movant. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007), the Supreme Court indicated that anti-trust cases are a typical type of case where discovery is so burdensome and costly that a stay pending decision on a motion to dismiss may be appropriate. The Seventh Circuit and district courts throughout the circuit have stayed discovery on this basis, extending the rationale to other types of cases. *See Limestone Dev. Corp. v. Village of Lemont, Illinois et al.*, 520 F.3d 797, 803 (7th Cir. 2008) (RICO claims); *Beck v. Dobrowski et al.,*559 F.3d 680 (7th Cir. 2009) (claims brought under section 14(a) of the Securities

Exchange Act); *Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358 (N.D. Ill. May 21, 2009) (collecting cases).

However, the Court finds that Defendants have not shown that allowing discovery to continue would be unduly burdensome. Defendants allege that Plaintiff's discovery requests are burdensome and overly broad, "seeking information spanning more than 30 years." *Id.* at 2. Yet Defendant Phibro-Tech alleges that it only had "three years of activity at the plant" and Defendant C P Chemicals alleges that it was "at one time involved in the operations of the plant" but "later merged into Phibro-Tech and no longer exists." Defendants' Motion at 1, Dkt. 77. These Defendants do not explain how such a limited involvement in the site would result in a need to produce information spanning 30 years. Additionally, Defendants do not provide any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden.[1] Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery. *See U.S. ex rel. Robinson*, 2015 WL 3961221, at *5; *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 1:11-CV-00430-WTL, 2011 WL 4538089, at *2 (S.D. Ind. Sept. 29, 2011).

Finally, the Court notes that given the Defendants' involvement in the site at issue (although allegedly only briefly) it is likely that Plaintiff could obtain discovery related to that involvement even if Defendants were not parties to this lawsuit. As such, a stay in discovery would not necessarily prevent Plaintiff from obtaining information from Defendants by way of subpoena or deposition. This factor also weighs against a stay. *See e.g., O'Conner*, 2014 LEXIS 156141, at *8-9; *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *3 (N.D. Ind. Aug. 1, 2012).

In evaluating the parties' arguments and the factors used to determine whether a stay of discovery is appropriate, the Court finds that there is not good cause to grant the stay. The Court notes however, that if Defendants believe that Plaintiff's discovery requests are overly broad or unduly burdensome, they may seek the Court's assistance in ruling on any such objections.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for entry of protective order is denied.

Date: September 2, 2020          By: _/s/ Lisa A. J_____

Lisa A. Jensen
United States Magistrate Judge

---

[1] Defendants have not attached Plaintiff's discovery requests as an exhibit to their motion, so the Court is not able to review them to determine the scope and extent of same.

4