IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Dana Harper, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 50287 |
| | ) | |
| vs. | ) | |
| | ) | |
| Central Wire, Inc., et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

### ORDER

For the reasons stated below, plaintiff's objection [185] to the October Order is sustained. Plaintiff's motion for leave to amend [152] is granted. Plaintiff's motions to supplement the record [199] [200] [204] are denied. This case is remanded forthwith to the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois.

### STATEMENT-OPINION

Plaintiff filed a motion [152] for leave to file a third amended complaint ("Proposed Complaint") seeking to join thirty-one additional defendants and to remand the case to state court because two of the defendants to be joined are citizens of the same state as plaintiff. Defendant Central Wire, Inc. opposed the motion. Magistrate Judge Schneider entered an order [183] ("October Order") on October 19, 2021, granting the motion in part and denying it in part. The October Order denied joinder of the proposed nondiverse defendants and therefore also denied plaintiff's request for remand. Plaintiff filed a Rule 72 objection [185] to the portions of the October Order denying her motion for leave to amend as to certain defendants and denying her motion to remand.[1]

This case was originally filed in Illinois state court and removed to this court by defendant, Central Wire, Inc. Subject matter jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff is a Wisconsin citizen. Of the thirty-one defendants plaintiff seeks to join, two, John W. Thorsen and Autumnwood ESH Consultants, LLC ("Autumnwood")[2], are citizens of Wisconsin. Joining a Wisconsin citizen as a defendant would destroy subject matter jurisdiction because there would be Wisconsin citizens on both sides. When, after removal, a "plaintiff seeks to join additional defendants whose joinder would

---

[1] Rulings by a magistrate judge on nondispositive matters are reviewed by the district court under Fed. R. Civ. P. 72(a) and rulings on dispositive matters are reviewed under Fed. R. Civ. P. 72(b). The Seventh Circuit Court of Appeals has not addressed whether a motion to join a nondiverse defendant whose joinder would destroy diversity jurisdiction is "dispositive". *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 n. 6. (7th Cir. 2009). Given the uncertainty, the court will review the matter under the stricter *de novo* standard for dispositive matters. Fed. R. Civ. P. 72(b)(3). Plaintiff has made three motions [199] [200] [204] to supplement the record in support of her objection. These motions are denied.

[2] Thorsen is the sole member of Autumnwood.

1

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e).

Plaintiff filed the motion for leave to amend on June 17, 2021. At the same time, she filed a motion [151] seeking to have leave to file the Proposed Complaint granted on an emergency basis because of the arguable possibility that the statute of limitations would run on June 25, 2021, as to some of the defendants she sought to join. The magistrate judge struck [153] the emergency motion on the same day it was filed for failure to comply with the magistrate judge's standing order concerning emergency motions. On June 21, 2021, plaintiff filed a second emergency motion [154], which Magistrate Judge Schneider struck [156] on June 22, 2021. On June 23, 2021, plaintiff filed a Rule 72 objection [157] to orders [153] and [156]. This court denied the objection [159] on June 23, 2021, finding there was no emergency because plaintiff could avoid any potential limitations problem by timely filing a separate lawsuit against whomever she believed might be liable to her.

On the same day, June 23, 2021, plaintiff filed a lawsuit in Illinois state court against all the defendants she was seeking to join in this case. That case was removed here by one of the defendants premising subject matter jurisdiction on diversity of citizenship. The notice of removal alleged that the Wisconsin citizen defendants had been fraudulently joined. Today, the court ordered that case (*Harper v. Weston Solutions, Inc. et al*, 21cv50337) remanded to state court for lack of subject matter jurisdiction finding that Thorsen, one of the nondiverse defendants, had not been fraudulently joined and, therefore, diversity of citizenship was lacking. In that case, finding a nondiverse defendant was not fraudulently joined required remand for lack of subject matter jurisdiction. However, the situation is different here, where there was no nondiverse defendant in the case when it was removed, and the plaintiff is seeking to join one post-removal.

"A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). In determining whether post-removal joinder of a nondiverse defendant is appropriate, the court applies the following four factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* The fraudulent joinder doctrine can be a relevant factor in determining whether to permit joinder of a nondiverse defendant, but it is not dispositive, and goes only to the first factor— motive. *Id.* at 764.

The October Order of Magistrate Judge Schneider applied these factors to the proposed nondiverse defendants as follows: (1) Motive— disfavors joinder because while the record as a whole did not support the conclusion that plaintiff sought to join the nondiverse defendants merely to defeat diversity jurisdiction, the Proposed Complaint did not allege a claim that either nondiverse defendant owed plaintiff a legal duty under which they could be liable to her in tort, so the nondiverse defendants were fraudulently joined in the Proposed Complaint. (2) Timing— disfavors joinder because plaintiff offered no explanation of new information which was recently acquired concerning the roles of the proposed nondiverse defendants. (3) Injury— heavily disfavors joinder because plaintiff will not be injured by denying joinder because Illinois law precludes recovery against the proposed nondiverse defendants. (4) Other Equitable

2

Considerations— disfavors joinder because, given the lack of claims against the proposed nondiverse defendants, allowing joinder would be a needless waste of the parties' time and money and a waste of the State court's resources.

"A plaintiff typically may choose its own forum, but may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The "fraudulent joinder" doctrine allows a court considering removal to disregard the citizenship of certain nondiverse defendants, assume jurisdiction, and dismiss the nondiverse defendants, thereby retaining jurisdiction. *Id.* Fraudulent joinder is difficult to establish. A defendant must demonstrate that, after resolving all issues of fact and law in plaintiff's favor, the plaintiff could not state a claim against the nondiverse defendants. *Id.* at 764. "A defendant faces a heavy burden to demonstrate that the joinder is fraudulent." *Id.* (quotation marks and citations omitted). "The standard of review applied to fraudulent joinder is even weaker than that applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court looks only to determine whether the claims against the nondiverse defendant are "wholly insubstantial and frivolous." *Robles v. Nexstar Media Group, Inc.*, No. 17 C 08551, 2018 WL 898464, * 2 (N.D. Ill. Feb. 15, 2018) (quotation marks and citations omitted). The question is whether defendants have shown that plaintiff could not state a claim against the nondiverse defendants not whether plaintiff has stated a claim against them. *Id.*; *see also Kasal v. Stryker Corporation*, No. 17-CV-1001-JPS, 2017 WL 4162312, * 4 (E.D. Wis. Sept. 9, 2017). Defendants must show that plaintiff has no chance of success on a claim against the nondiverse defendants. *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp.3d 837, 847 (N.D. Ill. 2019). The price of improperly finding fraudulent joinder is a lack of jurisdiction to determine the merits of the case, which would lead on appeal to the vacation of any dispositive order/judgment and remand to the state court to start the case over from scratch. *See, Schur*, 577 F.3d at 768.

The Proposed Complaint is voluminous. To begin, the court will only discuss the allegations of the Proposed Complaint that are pertinent to the question whether Thorsen was fraudulently joined. Defendant Central Wire, Inc. operated a plant in Union, Illinois. Plaintiff lived in proximity to the plant from 1974-1994. During the time she lived there, the plant utilized a hazardous substance, TCE, as well as other hazardous substances in its operations. TCE and the other hazardous substances leached from the plant into the groundwater during the time plaintiff lived there and migrated, and continue to migrate, through the groundwater to areas surrounding the plant contaminating the water supply. The contamination of the water supply has caused serious health problems for the plaintiff as well as others who have ingested the contaminated water.

Thorsen was retained by the owner of the plant in 1981 to remediate the air, water, and soil of TCE and other hazardous substances and at all relevant times has had, and continues to have, control of the remediation efforts. The Proposed Complaint alleges Thorsen had a duty to exercise ordinary care for the health, safety, and well-being of plaintiff Dkt # 152-1, p. 322; that he knew or should have known that TCE and other contaminants that were emitted from the plant were toxic and would be injurious to the health of plaintiff and others exposed to them *Id.;* that he failed to timely test plaintiff's home for TCE and the other hazardous substances *Id.*; that he failed to alert and advise residents, including plaintiff that TCE and the other contaminants had entered the ground water, *Id.*; that he "[f]ailed to timely and properly warn residents including [plaintiff], of the hazards associated with TCE [and the other contaminants]," *Id.* at 323; that these chemicals released from the plant migrated from the plant "into the air, soil, and

water inherent in the use and enjoyment of [plaintiff's] residence," *Id.*; that as a direct and proximate cause of Thorsen's negligent acts or omissions, plaintiff was exposed to TCE and the other contaminants causing her to develop cancer. *Id.*

Defendant argues Thorsen was fraudulently joined in the Proposed Complaint. It contends he could not be held liable to plaintiff for negligence because he did not owe a duty of care to plaintiff. The question, when considering if a nondiverse defendant was fraudulently joined, is, construing all issues of fact and law in plaintiff's favor, has defendant shown plaintiff *could not* state a claim for relief against that defendant.

A "claim for relief" is plaintiff's expression of the wrong done to him. Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997). It is "the aggregate of operative facts which give rise to a right enforceable in the courts." Sojka v. Bovis Lend Lease, Inc., 686 F.3d 394, 399 (7th Cir. 2012) (quotation marks and citations omitted). So, when a court considers a Rule 12(b)(6) motion, if some plausible theory can be identified that would entitle the plaintiff to relief on its claim, that claim may not be dismissed. KFC Corp. v. Iron Horse of Metaire Road, LLC, No. 18 C 5294, 2020 WL 3892989, * 3 (N.D. Ill. Jul. 10, 2020).

Plaintiff's claim against Thorsen is that she was injured by certain of his acts or omissions. She has identified negligence as a legal theory that entitles her to relief on her claim. If the court were considering a 12(b)(6) motion, the question would be whether negligence, or any other legal theory the court could identify, would entitle plaintiff to relief based on any of the acts or omissions plaintiff alleged caused her injury. *Id.* Since the issue here is whether Thorsen was fraudulently joined, the question is whether *defendant* has shown that *none* of the acts or omissions plaintiff alleged caused her injury could entitle her to relief against Thorsen under any identified legal theory.

"A defendant's stringent burden of proof in establishing a claim of fraudulent joinder is not met by pointing to supposed defects in a plaintiff's pleading." *Hauck v. ConocoPhillips Co.*, No. 06-135-GPM, 2006 WL 1596826, * 4 (S.D. Ill. June 6, 2006). "[A] removing defendant cannot allege vague and inconclusive pleadings as a basis for finding that plaintiffs have no claim against non-diverse defendants." *Id.* (citation omitted). "[T]he fact that a plaintiff makes vague and conclusory allegations does not mean defendants have demonstrated fraudulent joinder." *Id.* (citation and quotation marks omitted). "The court does not shift the burden of proof on a claim of fraudulent joinder to plaintiffs." *Id.* Defendant must *show* plaintiff cannot state a claim against the nondiverse defendants not simply assert she has not or cannot do so.

Under Illinois law, "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Schur*, 577 F.3d at 766 (quotation marks and citation omitted); *Schumacher*, 394 F. Supp.3d at 848. A duty to warn exists where there is unequal knowledge, actual or constructive, of a dangerous condition, and the defendant who possesses this knowledge knows or should know that harm might or could occur if no warning is given. *Hutchinson v. Fitzgerald Equipment Company, Inc.*, 910 F.3d 1016, 1022 (7th Cir. 2018), citing, *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118, 1123 (Ill. 2002). In an Illinois negligence action, the duty to warn co-exists with the corresponding liability for the hazard if no warning is given. *Sculles v. American Environmental Products, Inc.*, 592 N.E.2d 271, 273 (Ill. App. 1992).

The owner of the plant is alleged to have created the dangerous condition and, therefore, would have the duty to warn those who might be harmed if no warning was given. *Id.* While a defendant who is not liable for the existence of the hazard in the first instance, is under no duty to warn of it, *id.*, Illinois also recognizes that a party may be liable in tort for breach of a voluntary undertaking. *Hutchinson,* 910 F.3d at 1023. "[A] party is liable for a voluntary undertaking if: (a) a party undertakes to do something and then fails to exercise reasonable care in a way that increases a third party's risk of harm; (b) undertakes to perform a duty that a different party was obliged to perform and then negligently fulfills its duty; or (c) a third party relies to its detriment on the fact that a duty has been voluntarily undertaken." *Id.* (quotation marks and citation omitted). "[W]hether a voluntary undertaking has been assumed is necessarily a fact specific inquiry." *LM v. United States*, 344 F.3d 695, 700 (7th Cir. 2003).

"[A]n agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes *to the third party*." *Schur*, 577 F.3d at 766 (emphasis in original). "If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in a manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts." *Id.* (quotation marks and citation omitted). "It is not [the agent's] contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency; nor can its breach be excused by the plea that his principal is chargeable." *Id.*, quoting *Baird v. Shipman*, 23 N.E. 384, 384 (Ill. 1890).

The question then is whether defendant has shown that Thorsen could not have had a duty to warn plaintiff of the presence of TCE and other contaminants in the groundwater and of the health hazards presented thereby. In order to meet its burden of proof, it must show it is not possible that Thorsen could have voluntarily undertaken the duty.

Central Wire argues that only it could have a duty to the plaintiff. It contends plaintiff has not articulated any legal duty Thorsen owed her and that to have a reasonable possibility of success plaintiff must suggest an independent duty Thorsen owed her beyond any duty he owed to Central Wire. However, pointing to pleading deficiencies does not meet defendant's burden to show fraudulent joinder. 2006 WL 1596826 at * 4. Plaintiff has alleged, among other things, that Thorsen knew TCE and other contaminants had entered the ground water, failed to warn her that TCE and other toxic chemicals, which had been emitted from the plant, were present in the ground water and would be injurious to the health of plaintiff and others exposed to them; that as a result of this failure plaintiff was exposed to these toxic chemicals; and that this exposure caused her to develop cancer. One of the Proposed Complaint's alleged breaches by Thorsen is a failure to warn. As discussed above, an independent duty may arise by a voluntary undertaking so a duty to warn, like other duties, may be voluntarily undertaken. Defendant has not shown that Thorsen could not have had a duty to warn.

The Proposed Complaint alleges Thorsen knew of the contamination, knew that it posed a hazard to plaintiff and the other residents and that Thorsen failed to warn of the hazard. Defendant was aware from the Proposed Complaint that plaintiff was raising a failure to warn. To show that allowing joinder of Thorsen in the Proposed Complaint would be fraudulent, it was defendant's burden to show plaintiff could not establish Thorsen had a duty to warn her.

5

Defendant has not met the heavy burden of showing plaintiff could not state a claim against Thorsen. *Schur*, 577 F.3d at 764. The joinder of Thorsen would not be fraudulent.

### Motive

As noted above, in determining whether to permit or deny post-removal joinder of a nondiverse defendant, the court balances the equities employing four factors: motive, timeliness, injury, and other equitable considerations, *id.* at 759, and the fraudulent joinder doctrine can be a relevant factor in determining motive. *Id.* at 764. Since the court has concluded the joinder of Thorsen would not be fraudulent, the application of the fraudulent joinder doctrine does not support finding that in joining him "plaintiff sought only to destroy complete diversity." *Id.* The record does not otherwise suggest defeating diversity jurisdiction motivated plaintiff to seek to join him. Joining Thorsen appears to be motivated by a belief plaintiff was injured by his acts or omissions. The motive factor weighs strongly in favor of joinder.

### Timeliness

This case was removed from state court on October 30, 2019. Plaintiff filed her motion for leave to amend to join thirty-one new defendants, including Thorsen, on June 17, 2021. Defendant disclosed Thorsen to plaintiff on June 15, 2020, and plaintiff's own disclosures show she was aware of Thorsen by that date as she also included Thorsen in her own June 15, 2020, Rule 26(a)(1) disclosures. Plaintiff did not seek leave to join Thorsen until one year after the disclosures and twenty months after the case had been removed. "[A]n extensive delay between removal and a motion to amend typically weighs against permitting joinder." *Id.* at 767. However, a motion to join new defendants may be timely when plaintiff seeks leave to amend within a reasonable time after learning of their roles. *Id.* Plaintiff was aware of Thorsen and his role at least as of June 15, 2020. The delay between learning of Thorsen's role and seeking to amend, along with the delay between removal and seeking to amend, weighs against joinder.

### Injury

The third factor to be considered is whether the plaintiff will be significantly injured if joinder is not allowed. *Id.* at 759. As noted above, plaintiff filed the separate state court action (*Harper v. Weston Solutions, Inc. et al*, 21cv50337) against all the defendants she seeks to join in this action. That case was removed to this court and today has been remanded to the state court. Denying joinder here would not impair plaintiff's ability to proceed on her claims against the defendants she seeks to join, because she may continue to pursue those claims in the state court case. The injury factor weighs against joinder.

### Other Equitable Considerations

Other equitable considerations are the final factor to consider in balancing the equities to determine whether joinder should be allowed. This factor weighs in favor of joinder. Because *Harper v. Weston Solutions, Inc. et al*, 21cv50337 has been remanded, denying joinder would result in two cases proceeding in separate court systems both seeking redress for injuries plaintiff alleges she suffered from exposure to TCE and the other toxic substances that migrated from the Central Wire Union, Illinois plant. Additionally, there are eight other cases involving different plaintiffs alleging injuries from exposure to TCE and the other toxic substances that migrated

from the plant which this court recently remanded to the same state court.[3] The defendants in these cases are the current defendants in this case (Central Wire, Inc., Phibro-Tech, Inc., and CP Chemicals, Inc.) plus all the defendants that plaintiff is seeking to join here. Judicial economy and the possibilities of conflicting rulings weigh strongly in favor allowing joinder of the nondiverse defendants and remanding this case to state court where it can be managed with *Harper v. Weston Solutions, Inc. et al*, 21cv50337 and the other eight cases.

Balancing the equities, the court finds allowing joinder and remanding the case is appropriate. While the timeliness and injury factors weigh against joinder, the motive and other equitable considerations factors weigh more heavily in favor of joinder and remand. The record does not suggest defeating diversity motivated plaintiff to seek to join Thorsen and fraudulent joinder has not been shown. The court gives significant weight to the motive factor which strongly favors joinder. The court also gives significant weight to the other equitable considerations factor. Having plaintiff's cases against all defendants proceeding in one court would allow for more efficient and cost-effective management of the cases. Adding in the eight other cases also pending in the state court against the same defendants, makes the wisdom of joinder and remand of this case to the same court even more evident for judicial economy purposes. The court finds less weight in applying the timeliness factor than it finds in the application of either the motive or other equitable considerations factors. While the court finds application of the injury factor weighs against joinder, the application of the other equitable considerations factor significantly outweighs it in favor of joinder and remand.

For the foregoing reasons, plaintiff's objection [185] to the October Order is sustained. Plaintiff's motion for leave to amend [152] is granted. Plaintiff's motions to supplement the record [199] [200] [204] are denied. This case is remanded forthwith to the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois.

Date: 4/13/2022                              ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)

---

[3] These cases were numbers 21cv50300 through 21cv50306 and 21cv 50309 in this court.